UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Erik McCoy,

    Petitioner,

v.

Warden, Chillicothe Correctional Institution,

    Respondent.

CASE NO. 1:07cv474

Judge Michael R. Barrett

## ORDER

Petitioner McCoy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 18, 2007 (Doc. 1). McCoy seeks relief from the sentence that Ohio imposed following the finding of guilty by a jury of possessing marijuana in an amount equal to or exceeding 20,000 grams. McCoy was sentenced to a total of eight years of imprisonment. Respondent filed a return of writ (Doc. 9) to which Petitioner replied (Doc. 10). On May 29, 2008, Magistrate Judge Hogan filed a Report and Recommendation (hereinafter, the "Report") (Doc. 11) that recommended that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. The Petitioner objects to portions of the Report (Doc. 13).

For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

I. Background and Facts

The procedural background and facts of this case are sufficiently set forth in the Report and are derived from the Ohio Court of Appeals' decision overruling petitioner's appeal. These facts are presumed correct under 28 U.S.C. §2254(e)(1) and will not be

restated here.

    II.    Legal Analysis and Opinion

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of

the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523. The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. See 28 U.S.C. § 2254(e)(1).

It appears that Petitioner objects to the Report as to its findings on Ground One, Two and Three, specifically arguing "that he was not in possession of the amount that was stated by the State." Doc. 13, p1. Ground One states that "the State er[r]ed to prejudice by finding [petitioner] guilty of possession of marijuana, as those findings were not supported by sufficient evidence and further the [S]tate failed to support that petitioner had possession of 20,0000 or more grams of marijuana." Doc. 1, p31. Ground Two states that "[t]he jury and the trial court erred to the prejudice of the petitioner by finding him guilty of possession of marijuana, as those findings were contrary to law, and were against the manifest weight of the evidence. Id. at p36. Ground Three states that "the [S]tate failed to meet its burden, and erred to prejudice of the petitioner by overruling his motion for acquittal under criminal procedure Rule 29 ... [as the State] failed to in proving the

3

petitioner Erik McCoy was in possession of 20,000 grams of marijuana." Id. at p38.

Petitioner does not specifically object to the Magistrate's finding that Ground Two is not cognizable in this federal habeas proceeding as it raises an issue of state law only and this Court agrees. See 28 U.S.C. 2254(a). Thus, the Court will not further address Ground Two.

The relevant facts, as to Grounds One and Two, as set forth by the Court of Appeals, are as follows:

> To determine if the evidence was insufficient, this court must view the evidence in the light most favorable to the state, and determine if a rational trier of fact could have found all the essential elements of the offense charged...
>
> McCoy asserts there was insufficient evidence that he had knowledge of what was in the bag he removed from the trunk of the car, and that even if he did have knowledge, there was no evidence of how much marijuana was in the bag or that he possessed 20,000 grams. The statute McCoy was found guilty of violating states, "No person shall knowingly obtain, possess, or use a controlled substance." McCoy drove to the place of the sale with his partner Bush and went into the Cracker Barrel with him. Bush told the informant that McCoy knew what was going on and was his partner. McCoy was told to unload the trunk of the car; he leaned in and smelled the marijuana before he pulled one bag out. When he became aware of the police presence, he ran. Thus, a rational trier of fact could certainly have found that McCoy was part of the sale.
>
> Moreover, there was evidence that the total amount of marijuana in the trunk was well in excess of 20,000 grams. The jury could have reasonable found that when McCoy went to the trunk and began to unload it, he took constructive possession of all the marijuana in the trunk. Thus, this evidence, when viewed in the light most favorable to the state, was sufficient to convict McCoy of possessing at least 20,000 grams of marijuana.

Doc. 9, Ex. 8, pp2-3.

In Petitioner's objections, although he does not specifically state it, to find as he argues would require the Court to view the evidence in the light most favorable to the

4

defense as opposed to the prosecution. Such is not the state of the law. As the Magistrate Judge correctly sets forth and the Ohio Court of Appeals recognized, when a prisoner raises a sufficiency of evidence claim in a petition for writ of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Furthermore, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id*. at 326.

Based upon the facts set forth above, a rational trier of fact could have found that the Petitioner did, in fact, possess 20,000 grams of marijuana, either actually or constructively. Additionally, the undercover agent testified that the bag taken by Petitioner out of the trunk to transfer to his van, weighed approximately 80 to 100 pounds. See Doc. 9, Exh. 16, Tr. 486. This equates to approximately, 36,000 to 45,000 grams. See Doc. 11, FN 3. For the reasons set forth herein and in further detail in the Report and Recommendation, the Court finds the Report to be correct.

Petitioner also argues that the Court incorrectly instructed the jury on Complicity and that he was not charged with Complicity. Petitioner can not now raise new issues in his objections to the Report that were not previously raised. *See* 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005) ("AEDPA preserved [the] total exhaustion requirement"); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (6th Cir. 2002) (Exhaustion is required

before a state prisoner may bring a habeas corpus petition under 28 U.S.C. § 2254); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented."). Thus, the new issues raised in Petitioner's objections are barred and will not be reviewed by this Court.

III. Conclusion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well reasoned, and correct. Thus, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (Doc. 11), and DENIES the Petition for Writ of Habeas Corpus (Doc. 1). Further, the Court FINDS that a certificate of appealability will not be issued under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000) because the first prong of *Slack* can not be met as to Ground Five. A certificate of appealability will also not be issued with respect Grounds Two and Four because Petitioner failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c); Feb. R. App. P. 22(b). Additionally, a certificate of appealability will not be issued as to the sufficiency of the evidence claims alleged in Grounds One and Three because Petitioner has not made a substantial showing that he has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to serve encouragement to proceed further." *See Slack*, 529 U.S. at 475; *see also* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b). Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis. Fed. R.

App. P. 24(a), *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court
